

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-75,780-02

### EX PARTE KURT ANDRE MILES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1087429-B IN THE 208TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to imprisonment for life. The First Court of Appeals affirmed his conviction. *Miles v. State*, No. 01-06-01048-CR (Tex. App.—Houston [1st Dist.] Sept. 20, 2007) (not designated for publication).

Applicant contends, among other things, that counsel failed to investigate and present at punishment mitigation evidence of his mental health history and failed to inform Applicant's

witnesses that they would testify at the punishment hearing. After ordering counsel to respond, the trial court made findings of fact and conclusions of law and recommended that we deny this application. We believe that the record should be further developed.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond and explain whether he reviewed Applicant's Exhibit 1 before the punishment hearing began and why, given this evidence in the State's file, he decided not to investigate Applicant's mental health history. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing counsel's response, the trial court shall make further findings of fact and conclusions of law as to whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also determine whether the affidavits Applicant filed are credible and whether there is credible evidence, as stated in Applicant's Exhibit 1, that Applicant had been hospitalized for psychiatric reasons and diagnosed with bipolar disorder. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 18, 2015
Do not publish